UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

PAUL CAMARA and KEVIN CWIKLA and             CIVIL ACTION NO.:
GARY DEVOE and BRIAN FLYNN and
PETER GALLO and PETER KARAS and
THOMAS LANGAN and JOSEPH LEO and
STEPHEN MORRELL and WILLIAM RAFFILE and
DONALD SCOOPO, in their capacity as TRUSTEES
acting on the behalf of each THE HEAT AND FROST
INSULATORS LOCAL NO. 33 HEALTH FUND and
THE HEAT AND FROST INSULATORS LOCAL NO. 33
PENSION FUND and THE HEAT AND FROST
INSULATORS LOCAL NO. 33 ANNUITY FUND

    Plaintiffs

v.

R.K. INSULATION CONTRACTOR, INC.             AUGUST 19, 2015

    Defendant

---

## COMPLAINT

### THE PARTIES

1. The Plaintiffs are the duly appointed Trustees of the Heat and Frost Insulators Local No. 33 Health Fund, the Heat and Frost Insulators Local No. 33 Pension Fund and the Heat and Frost Insulators Local No. 33 Annuity Fund (collectively "the Funds"). The Funds are employer benefit plans governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1001 *et seq.* ("ERISA"). The Funds are administered at principal offices in Wallingford, Connecticut. The Plaintiffs bring this Action pursuant to and consistent with the Agreements and Declarations of Trust of each Fund.

2. The International Association of Heat and Frost Insulators and the Allied Workers Local Union No. 33 ("the Union") is an employee labor organization which represents the interests of laborer-employees in the insulation trade. The Funds are established and maintained by and between the Union and certain employer-contractors engaged in the insulation trade.

3. The Defendant, R.K. Insulation Contractor, Inc. ("the Defendant R.K."), is a Connecticut corporation transacting business in the State of Connecticut as a contractor and/or subcontractor in the construction industry, and in particular the trade of heat and frost insulation.

**JURISDICTION**

4. This Court has jurisdiction over this Action by virtue of Sections 502 and 515 of ERISA, 29 U.S.C. Sections 1132 and 1145, and Section 301 of the Labor Management Relations Act, 29 U.S.C. Section 185(a). This is an action arising out of the Defendant R.K.'s failure to make payment of benefit plan contributions to the Plaintiff Funds in accordance with the terms of a Collective Bargaining Agreement ("CBA").

**FACTUAL BACKGROUND**

5. At all relevant times hereto, the Defendant R.K. agreed with the Plaintiff Funds and the Union to be bound by the CBA, establishing the terms and conditions by which the Defendant R.K. employed Union laborers.

6. Pursuant to the CBA, the Defendant R.K. was required to pay to the Plaintiff Funds certain benefit plan contributions for each hour worked by any Union employees placed with the Defendant R.K. for employment.

7. From January 2012 through February 2014, the Union placed David Demarco ("Demarco"), a Union Journeyman, with the Defendant R.K. for employment in accordance with the CBA.

8. Pursuant to the CBA, the Defendant R.K. was required to pay to the Plaintiff Funds certain benefit plan contributions for each hour worked by Demarco for the Defendant R.K.

9. From January 2012 through February 2014, the Defendant R.K. paid Demarco compensation in the amount of $58,717.45 that was neither properly reported to the Plaintiff Funds nor the Union, nor properly included in the Defendant's payroll records.

10. At all relevant times, the Defendant R.K. has been unable to adequately document that the aforesaid compensation paid to Demarco was for any purpose other than payment to Demarco in his capacity as a Union Journeyman.

11. Based upon Demarco's hourly pay rate as a Union Journeyman, the $58,717.45 paid to Demarco by the Defendant R.K. equates to 1797 hours of employment rendered by Demarco to the Defendant R.K. that the Defendant R.K. did not properly report to the Plaintiff Funds or the Union, and did not properly include in its payroll records.

12. Based on the foregoing, the Defendant R.K. has failed to pay benefit plan contributions owed to the Plaintiff Funds for each hour worked by Demarco as an employee of the Defendant R.K. from January 2012 through February 2014.

13. The Defendant R.K. owes the Plaintiff Funds the principal amount of $45,270.54 in delinquent benefit plan contributions on account of employment rendered to the Defendant R.K. by Demarco in his capacity as a Union Journeyman.

14. The foregoing amounts of delinquent benefit plan contributions remain outstanding and due and owing to the Plaintiff Funds from the Defendant R.K.

## FIRST COUNT

### Breach of the CBA and Violation of ERISA

1-14. The Plaintiffs re-allege and hereby incorporate into this First Count the foregoing paragraphs 1 through 14.

15. Based on the foregoing, and pursuant to 29 U.S.C. 1132(g)(2), the Defendant R.K. is liable to the Plaintiff Funds for (a.) unpaid benefit plan contributions, (b.) interest with respect to such unpaid benefit plan contributions at an annual rate of twelve-percent (12%) per year in accordance with the CBA and the collection policies and agreements governing the Funds, (c.) an amount equal to the greater of interest on the unpaid benefit plan contributions or liquidated damages of twenty-percent (20%) of unpaid benefit plan contributions as provided for under the subject plan and ERISA, (d.) late charges, and (e.) reasonable attorneys' fees, audit fees and costs, and the cost of this Action.

4

## SECOND COUNT

### Promissory Estoppel

1-14. The Plaintiffs re-allege and hereby incorporate into this Second Count the foregoing paragraphs 1 through 14.

15. At all relevant times, the Defendant R.K. promised the Plaintiff Funds and the Union that if Demarco, a Union Journeyman, was placed with R.K. for employment, the Defendant R.K. would pay to the Plaintiff Funds certain promised sums of money for each hour worked by Demarco as an employee of the Defendant R.K.

16. The Plaintiff Funds and the Union reasonably relied on, and were induced by, the promises of the Defendant R.K. in placing Demarco, a Union Journeyman, with the Defendant R.K. for employment.

17. Such reasonable reliance was to the detriment of the Plaintiff Funds in that the Defendant R.K. has failed to pay to the Plaintiff Funds the promised sums of money for each hour worked by Demarco as an employee of the Defendant R.K.

18. As a result of the foregoing, the Plaintiff Funds have suffered damages.

## THIRD COUNT

### Unjust Enrichment

1-18. The Plaintiffs re-allege and hereby incorporate into this Third Count the foregoing paragraphs 1 through 18 of the Second Count.

19. At all relevant times, the Defendant R.K. benefitted from the employment provided to it by Demarco as a Union Journeyman.

20. It is contrary to equity and good conscience and unjust and unfair for the Defendant R.K. to retain the benefit of Demarco's services as a Union Journeyman without compensating the Plaintiff Funds.

21. Based on all of the foregoing, the Defendant R.K. has been unjustly enriched to the unfair detriment, harm and expense of the Plaintiff Funds.

## FOURTH COUNT

### Connecticut Unfair Trade Practices Act

1-21. The Plaintiffs re-allege and hereby incorporate into this Fourth Count the foregoing paragraphs 1 through 21 of the Third Count.

22. The aforesaid conduct of the Defendant constitutes unfair and deceptive practices and unfair methods of competition in the conduct of trade or commerce, in violation of Connecticut General Statues §42-110a *et seq.* ("CUTPA").

23. The aforesaid conduct of the Defendant has caused the Plaintiffs ascertainable loss within the meaning of CUTPA.

WHEREFORE, the Plaintiffs seek the following relief:

1. Compensatory damages;

2. Costs;

3. Pre-Judgment Interest pursuant to Connecticut General Statutes;

4. Post-Judgment Interest pursuant to Connecticut General Statutes;

5. Interest pursuant to the subject Collective Bargaining Agreement;

6. Interest pursuant to 29 U.S.C. 1132(g)(2);

7. Liquidated Damages pursuant to 29 U.S.C. 1132(g)(2);

8. Attorneys' Fees pursuant to 29 U.S.C. 1132(g)(2);

9. Attorneys' fees pursuant to the subject Collective Bargaining Agreement;

10. Attorney's Fees pursuant to Conn. Gen. Stat. § 42-110g *et seq.*;

11. Punitive Damages pursuant to Conn. Gen. Stat. § 42-110g *et seq.*;

12. Late fees and charges pursuant to the subject Collective Bargaining Agreement; and

13. Such other relief as to which the Plaintiffs may be entitled to in law or in equity.

THE PLAINTIFFS,

By: _____
Sabato P. Fiano (ct18879)
Zeldes, Needle & Cooper, PC
1000 Lafayette Boulevard
5th Floor
Bridgeport, CT 06604
Telephone (203) 332-5791
Facsimile (203) 333-1489
sfiano@znclaw.com
Fed. Bar No. ct18879

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1132(h), this 19th day of August 2015, on the following:

Secretary of the Treasury
INTERNAL REVENUE SERVICE
P.O. Box 13163
Baltimore, MD 21203
Attn: EMPLOYEE PLANS

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, D.C. 20210
Attn: ASSISTANT SOLICITOR FOR PLAN BENEFITS SECURITY

Sabato P. Fiano (ct18879)